IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. COLEMAN,                                          No. 2:13-cv-2322-CMK-P

        Plaintiff,

   vs.                                                                      ORDER

G. TURNER, et al.,

        Defendants.

           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to file amended and/or supplemental complaint (Docs. 5, 10) and a motion for temporary restraining order (Doc. 7).

           The Federal Rules of Civil Procedure provide that a party may amend his or her pleading " once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3)

1

whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Accordingly, plaintiff's first motion to amend his complaint was unnecessary, and will be denied as such. As discussed more below, the allegations alleged in the second amended complaint are insufficient to state a claim beyond that alleged in the first amendment complaint. Plaintiff attempts to bring in several additional claims, which are not related to those raised in the original complaint, and attempts to bring in several additional defendants, many of whom the claims are insufficient and would be dismissed. Therefore, allowing such an amendment would be futile. As such, the second motion will be denied. The court will proceed on plaintiff's first amended complaint (Doc. 6), which is discussed more fully below, but all of plaintiff's claims that the court can decipher will be addressed herein.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the

claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In plaintiff's original complaint, he alleges violations of his due process rights, and his First and Eighth Amendment rights. The claims change a bit in his amended complaint, in which he alleges American's with Disabilities Act violations, due process, and Eighth Amendment violations. In his second amended complaint, plaintiff sets forth a long recitation regarding the way he has been treated at several different prisons (most of which is simply historical reference), and continues to allege due process violations, adding in inadequate mental health care, supervisorial liability for policies and treatment by subordinates, and First Amendment violations regarding the inmate appeals process. All of plaintiff's claims appear to relate to a prison disciplinary proceeding in which he was found guilty of inappropriate behavior, his punishment therefore, and his general treatment regarding his mental health issues which contribute to his behavior.

## II. DISCUSSION

As a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, where an amended complaint is filed, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). However, regardless of which complaint plaintiff raises the claims in, those which the court can identify are be discussed below.

As to his complaint in general, § 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the

Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

/ / /

/ / /

1  When a defendant holds a supervisory position, the causal link between such
2  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.
3  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
4  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel
5  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
6  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the
7  official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

8  To the extent plaintiff fails to allege specific facts against some of the individuals
9  he names as defendants, plaintiff is informed that in any amended complaint he may file, he is
10  required to specify how each defendant named was involved in the claim he raises.  Similarly, to
11  the extent plaintiff wishes to name the supervisory defendants, such as the warden, solely on the
12  basis of their supervisory position, such an allegation is insufficient to state a claim in a § 1983
13  action.  Any supervisor must have been directly personally involved in any violation of plaintiff's
14  rights before liability will attach, and plaintiff will be required to plead such involvement
15  specifically with each and every defendant.

16  **A. FIRST AMENDMENT**

17  Prisoners have no stand-alone due process rights related to the administrative
18  grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.
19  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
20  inmates to a specific grievance process).  Because there is no right to any particular grievance
21  process, it is impossible for due process to have been violated by ignoring or failing to properly
22  process grievances.  Numerous district courts in this circuit have reached the same conclusion.
23  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
24  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
25  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
26  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

1  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
2  a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
3  (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
4  properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment
5  right to petition the government through the prison grievance process.  See Bradley v. Hall, 64
6  F.3d 1276, 1279 (9th Cir. 1995) (overruled on other grounds by Shaw v. Murphy, 532 U.S. 223,
7  230, n. 2 (2001)).  Therefore, interference with the grievance process may, in certain
8  circumstances, implicate the First Amendment, such as when the interference violates the
9  inmate's right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996).  However,
10 the right is merely the right to bring to court a grievance the inmate wishes to present, and is
11 limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at
12 354.  To bring a claim, the plaintiff must have suffered an actual injury by being shut out of
13 court. See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

14          Here, plaintiff indicates that he has had difficulty with the inmate grievance
15 process, and has expressed his frustration with having his inmate appeals screened out or
16 erroneously denied.  However, plaintiff may not pursue a claim for denial of access to the courts
17 based on the failure of staff to respond to his appeals or based on the rejection of his appeals by
18 staff.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or
19 processed.  See  Ramirez, 334 F.3d at 860.  Plaintiff does not allege that he has suffered any
20 actual injury by being shut out of court by such action.  Therefore, he makes no showing that his
21 First Amendment rights have been violated.  The defects in this claim are subject to cure if
22 plaintiff has in fact suffered an actual injury and has been shut out of court due to the defendants'
23 actions.  If he can so allege, he may include this claim in his third amended complaint.  If he has
24 not suffered any actual injury, however, this claim should not be included in his third amended
25 complaint.
26 / / /

## B. EIGHTH AMENDMENT

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

1      The requirement of deliberate indifference is less stringent in medical needs cases
2 than in other Eighth Amendment contexts because the responsibility to provide inmates with
3 medical care does not generally conflict with competing penological concerns.  See McGuckin,
4 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
5 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
6 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
7 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
8 treatment, or interference with medical treatment, may also constitute deliberate indifference.
9 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
10 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.
11      Negligence in diagnosing or treating a medical condition does not, however, give
12 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
13 difference of opinion between the prisoner and medical providers concerning the appropriate
14 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
15 90 F.3d 330, 332 (9th Cir. 1996).
16      Plaintiff's Eighth Amendment claim is unclear.  He appears to be alleging that his
17 Eighth Amendment rights have been violated by keeping him in administrative segmentation
18 because he is not receiving the mental health treatment he needs.  This claim, however, is tied
19 with his complaints about being sent to different prisons where the mental health treatment he
20 needs was not offered.  This additional historical reference makes it unclear whether his current
21 claim relates to receiving mental health treatment at his current location or not.  If his claim is
22 related to being denied mental health treatment, he again needs to name the individuals
23 responsible for refusing him such treatment.  As the defects in this claim are also curable,
24 plaintiff will be granted leave to amend this claim.  However, he is again reminded that he must
25 allege sufficient facts to state a claim, and specify who is violating his Eighth Amendment rights
26 and how.

### C. DUE PROCESS

Plaintiff's main claim appears to be his due process claim relating to a prison disciplinary proceeding. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not

necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Here, plaintiff alleges defendant Houghland, Blap, Avalos, Turner, and Meir all violated his due process rights. He claims he was denied a staff assistant during the disciplinary proceedings, had a hearing before a biased hearing officer, was not allowed to speak freely, received excessive punishment based on his past behavior not the incident in question, and the officials used false information to assess him with an "R" suffix. In addition, he received an additional invalid rules violation for refusing a cellmate based on his mental health. A majority of the allegations alleged are included in his second amended complaint, which as discussed,

leave to file is not being given. The only allegation in his first amended complaint relating to due process was the denial of a staff assistant. This appears to be the only viable claim at this time, but as is too wrapped up in other inadequate claims to be clear, it also will be dismissed. Plaintiff will be given leave to amend this claim, but must explain how his due process rights were violated and by whom.

### III.  TEMPORARY RESTRAINING ORDER

Finally, plaintiff is requesting temporary restraining order requiring the prison to provide him with a single cell, not to transfer him to a different prison, remove the "R" suffix from his status, and not to engage in any retaliation.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

As to the likelihood of success on the merits of plaintiff's claims, the claims as presented are deficient and many are not amenable to cure. It appears at this time that there is a very limited chance of success on the merits of petitioner's case. His complaint, as set forth herein, is deficient and will be dismissed with leave to amend those claims which he may be able to cure the defects. However, given the information before the court currently, it does not appear he will be successful given all of the deficiencies identified herein. As to the irreparable harm,

plaintiff's claim to such is unclear. In essence, he claims having the "R" suffix attached to his status, along with the stigma attached thereto, is making life more difficult. There is no indication that he is actually suffering from some irreparable harm, other than having to deal with that stigma. He also does not allege that he has been informed as to any plans to transfer him at this time. Rather, he appears to be complaining about a prior transfer to Corcoran. However, he is no longer housed there, and does not appear to have any objection his current housing location. Therefore, even if successful on the merits of his claims, he fails to allege sufficient irreparable harm to justify a temporary restraining order.

As to the balance of hardships, plaintiff offers no reason why the balance would tip in his favor. Requiring the prison to house plaintiff in a specific manner, in a specific location would be a significant hardship on the prison. Such a restriction would only be justified in a serious situation, which does not appear present here. Plaintiff makes no allegations, nor can the court see any based on the facts alleged, that his safety is in serious jeopardy. Finally, the court sees no public interest in restricting the prison from housing plaintiff in a specific manner or in a specific location.

Accordingly, plaintiff fails to make the required showing for a temporary restraining order at this time. His motion for such will be denied.

**IV.  CONCLUSION**

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order

to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As stated above, that Rule 8 requires a complaint contain a short and plain statement of the claim.  Attaching numerous documents to a complaint which purportedly support the factual allegations against the defendants does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, such a complaint would require the court to comb through numerous pages of documents in order to guess at plaintiff's claims, a task the court is unwilling and unable to do, in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims. Accordingly, plaintiff is informed that in any amended complaint he files, his claims must be written simply, concisely, and directly, setting forth facts showing how each defendant personally violated his Constitutional rights.  If this case survives screening and preliminary motions, he will have an opportunity to submit evidence and documents to the court in support of his claims.  However, attaching numerous documents to the complaint is unnecessary.  Failure to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file a first amended complaint (Doc. 5) is denied as unnecessary;

2. Plaintiff's first amended complaint is accepted as filed, but is dismissed with leave to amend;

3. Plaintiff's motion to file a second amended complaint (Doc. 10) is denied;

4. Plaintiff's second amended complaint is hereby stricken;

5. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order, which complies with the above discussion; and

6. Plaintiff's motion for temporary restraining order (Doc. 7) is denied.

DATED: February 19, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE